PERKIE and wife, Respondents, vs. CAROLINA INSURANCE COMPANY and others, Defendants: MERCURY INSURANCE COMPANY and others, Appellants.

*October 14—November 10, 1942.*

For the appellants there were briefs by *Genrich & Genrich*, attorneys, and *Herbert L. Terwilliger* and *James A. Fitzpatrick* of counsel, all of Wausau, and oral argument by *Fred W. Genrich*.

For the respondents there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein*.

FRITZ, J. On these appeals by the defendants, Mercury Insurance Company of St. Paul, Philadelphia Fire & Marine Insurance Company, and Home Fire & Marine Insurance Company of California, from the judgment rendered against each for the recovery by the plaintiffs, Guy Perkie and Odelia Perkie, his wife, of the amount of the policy issued by each defendant on property insured against loss by fire, the defendants' principal contention is that there is no credible evidence to sustain the jury's finding that the policies were not canceled prior to the fire, and that therefore the court erred in denying motions of each defendant for a directed verdict, or to change the jury's findings or for judgment notwithstanding the verdict. Defendants also contend that the court erred in denying their motions, in the alternative, for a new trial because of errors in the court's rulings in admitting certain evidence and excluding other evidence; in overruling defendants' objections to improper argument by plaintiffs' counsel in addressing the jury; and in the court's instruction that the same ten of the jurors must agree in their answers to certain questions in the special verdict.

Because, upon our review of the record, it is our conclusion that there was prejudicial error in the respect last stated, because of which the defendants are entitled to a new trial, it suffices to briefly note the following matters. The policies in question, dated December 5, 1940, were issued and delivered to plaintiffs by the defendants' agent, Malcolm Hutchinson, whose office was at Antigo, Wisconsin. The policies covered

buildings and personal property used by plaintiffs in operating a tavern and as their dwelling in the town of Wolf River, Langlade county. By a letter dated January 20, 1941, addressed by L. W. Overman, state agent of the Mercury Insurance Company, to Hutchinson, he was advised that the corporation requested the immediate cancellation and return of its policy. On the trial Hutchinson testified that upon receiving the letter, he mailed to plaintiffs a letter which he wrote in longhand, stating that he had received a letter from the corporation; that it looked as though his facilities had been exhausted; and that Perkie should return the policies to him for cancellation. No copy of such a letter was produced by Hutchinson on the trial, and the plaintiffs denied having received it. Prior to the destruction of the insured property by fire on February 26, 1941, Hutchinson requested Gordon Malone, an oil dealer who delivered oil to Guy Perkie, to pick up some insurance policies that he had; and upon Malone's asking Guy Perkie for the policies he got the three policies involved herein from a back room and handed them to Malone, who took them to Hutchinson's office. Malone testified, that when he had this talk with Malcolm Hutchinson about going out to get these policies the latter did not use the word "cancellation." On the other hand, Hutchinson testified that the policies returned were in an envelope upon which there was written,—

"Here are the policies. You may cancel them, and you needn't bother me for any more insurance, and I don't thank you for anything you have done. MRS. G. PERKIE."

Plaintiffs' proof denies that the policies were in an envelope when Guy Perkie handed them to Malone; that Mrs. Perkie was present at that time; that there was any such indorsement written by Mrs. Perkie upon an envelope as testified to by Hutchinson; that plaintiffs were ever informed that

the policies would be or had been canceled; and that they ever consented to such cancellation.

Hutchinson testified that he received the policies back on February 3d or 4th, and indorsed upon each policy that it was thereby canceled *pro rata* as of February 4, 1941; but that he did not communicate in any way with either of the plaintiffs with reference thereto. A fire, on February 26, 1941, occurred during the nighttime and entirely destroyed the property, including all personal effects and clothing of the plaintiffs and their children, and Mrs. Perkie was injured very seriously. Guy Perkie did not notify Hutchinson of the loss; but claims that subsequently he sent word by Malone, but never asked him whether he had told Hutchinson. Malone testified he does not remember whether or not Perkie told him to deliver any message, and does not remember telling Hutchinson about it.

In denying appellants' motions for a nonsuit and for a directed verdict, the court was of the opinion that, in view of conflicts in the evidence, there were issues of fact which had to be submitted to the jury. Upon such submittal the jury finally returned a special verdict in which it found in answer to question No. 2, that Guy Perkie did not receive the letter which Hutchinson claims he wrote in longhand and sent to Perkie in January, 1941; in answer to question No. 3, that the policies in question were not canceled by mutual consent of the parties; and in answer to question No. 4, that Mrs. Perkie did not write upon the back of an envelope which was handed to Gordon Malone,—

"I am returning the policies which you can cancel, and you needn't bother trying to get any more insurance for me, and I don't thank you for anything you have done for me."

As there clearly are conflicts in the evidence in relation to the issues determined by those findings, and all questions as

tó relative credibility, weight, and effect of the evidence relied upon by the respective parties constituted matters for determination by the jury, the court rightly denied defendants' motions for a nonsuit and for a directed verdict; and as it was within the jury's province to consider the evidence upon which plaintiffs relied to be more credible, and that evidence when so considered sustains the jury's findings, the court was warranted in denying defendants' motion for judgment notwithstanding the verdict. Thereupon the court was warranted in entering the judgments under review unless defendants were entitled to a new trial because of errors which they claim were made by the court in rulings in relation to the admission and the exclusion of evidence, alleged improper argument by plaintiffs' counsel, or in instructions given to the jury.

Upon due consideration of defendants' contentions in respect to the court's rulings in admitting certain testimony offered by plaintiffs and in excluding some testimony offered by defendants, it is our conclusion that there was no prejudicial error in either of those respects because of which defendants can be deemed entitled to a new trial. Neither was there any such error to the court's rulings on defendants' objections to certain statements made by plaintiffs' counsel in addressing the jury. Some of the remarks in question would have been improper but for the fact that they can be deemed to be in response to claims asserted on behalf of the defendants. However, in the event of a retrial, the potential danger of prejudicial consequences by reason of improper remarks, which may impair the rectitude of a verdict should be avoided by all concerned.

The facts in relation to defendants' contention that they are entitled to a new trial because of erroneous and prejudicial instructions given by the court to the jury are as follows: In charging the jury prior to the commencement of its deliberations, the court instructed,—

"If only ten or eleven can agree, then you will place the names of the dissenting jurors in the place that is left blank. Incidentally, *all ten must agree on all the questions* in order to render a good verdict."

Then, upon the jury's return with a verdict after deliberating from 11:17 a. m. to 5:20 p. m., the court noticed, on examining the verdict tendered, that a dissent by Mrs. Schroepfer was noted to the jury's negative answer to the second question; and that to the jury's third finding, that the policies were not canceled by mutual consent of the parties, there was noted the dissent by Juror Schroeder and also by another juror. As that resulted in having dissents noted of three jurors, the court instructed the jury,—

"I guess *we have to have the same ten answer* both those questions. . . . *Before you can render a good verdict the same ten will have to agree* on both No. 2 and No. 3. I am afraid I will have to send you back. You can have as many as two dissents to any question, but *you must have the same ten agree on both questions."*

Thereupon the jury retired for further deliberations and in but five minutes the jury returned with the verdict upon the face of which it appears that the name of the third juror, whose dissent had been noted to the third question, was stricken out and over his name there was written the name "Schroepfer," so that as she, together with Juror "Schroeder" were then the only dissenters named to the third finding, and she was the only dissenter named to the second finding, the court considered the verdict to be in accord with his instructions and therefore received it. The facts that the jury, after six hours of deliberation first tendered a verdict with the names of Schroeder and the third juror noted as dissenters to the important finding by ten jurors that the policies had not been canceled by mutual consent of the parties, and that the jury subsequently, upon being given the instructions last quoted, after deliberating for but the brief period of five

minutes, returned a verdict with the name of the third juror withdrawn by striking it out as a dissenter and writing over and in lieu thereof the name of Mrs. Schroepfer, clearly compel the conclusions that the imperative and coercive instructions quoted above induced and caused, within that brief period, the third juror, whose dissent had been first noted, to change his answer from the affirmative to "No," and likewise induced and caused Mrs. Schroepfer to change her answer from "No" to the affirmative. As the instructions quoted above were clearly erroneous and the giving thereof evidently thus caused the third juror to withdraw his dissent and join with nine of the jurors in the negative answer to the third question, which resulted in a finding fatal to defendants' defense on the principal issue, the giving of the instructions constituted prejudicial error because of which defendants are entitled to a new trial. *Guth v. Fisher,* 213 Wis. 323, 330, 251 N. W. 223; *Kasper v. Kocher,* 240 Wis. 629, 637, 4 N. W. (2d) 158.

*By the Court.*—The provisions of the judgment from which appellants appealed are reversed; and the cause is remanded with directions to grant appellants' motions for a new trial.